THOMAS FLYNN v. THE STATE.

THEFT FROM THE PERSON. When a pocket-book, in the pocket of its owner, is seized by the hand of one without the knowledge or consent of the owner, and drawn half way out the pocket, when the party seizing it, on being detected, relinquishes his hold upon it, *Held*, on trial, for theft from the person,

    1. That there was a sufficient taking away from the person.
    2. That there was a sufficient possession of the pocket-book, if the same was taken with felonious intent, to constitute the offense of theft from the person, under Article 762 of the Code.

APPEAL from Galveston. Tried below before the Hon. Gustave Cook.

Thomas Flynn was indicted, in the Criminal District Court of Galveston county, for the crime of theft from the person of Nicholas Walsh. The indictment was a joint one, charging the appellant, one James Anderson, and one George Wheeler, with the offense.

There was a severance, and appellant being tried, was convicted, the jury assessing his punishment at five years in the penitentiary. There was a motion for a new trial, which, on hearing, was overruled by the court, whereupon defendant excepted, and gave notice of appeal.

There was but one witness called and examined by the State, to wit, Nicholas Walsh. The defendant called no witness.

Walsh testified that on the night of 20th November, 1874,

he was at the door of the theater in the City of Galveston. There was quite a crowd there. He felt himself jostled several times as he was trying to get out of the crowd. He felt a hand in his pocket, and, turning immediately, " found the defendant, " Thomas Flynn, with his hand on my (his) pocket-book." Flynn had pulled it from the bottom of his (Walsh's) pocket, but had not taken it entirely out of the pocket, " it being half " in, half out of my pocket," that is, one-half being in the pocket, the other half in Flynn's hand. Witness asked Flynn what he was doing. Flynn replied, " trying to get out of the " crowd." The pocket-book never left witness's person. He did not " grab " the man—could have done so, but didn't think of it.

The charge of the court in this case is given in full, as being, in its pointed application to facts, in contrast with a practice which this court has condemned, of charging in the language of the Code. It is as follows:

" If the jury believe from the evidence that the defendant " put his hand into the pocket of Nicholas Walsh, without his " knowledge, and fraudulently took his Walsh's pocket-book, " with the intent to appropriate it to the use and benefit of the " defendant, without the consent of Walsh, he is guilty of theft " from the person, and you may assess the punishment at con- " finement in the penitentiary not less than two, nor more " than seven years.

" If you believe the defendant had the pocket-book in his " hand without the knowledge of Walsh, and but for the dis- " covery of Walsh would have carried it away, it makes no " difference that he did not carry it away. You must be sat- " isfied by the evidence that defendant had it in his hand com- " pletely before Walsh was aware of it, but it is not necessary " that he should have gotten the pocket-book entirely out of the " pocket of Walsh, if you believe he would have carried it " away but for Walsh's discovery.

" The defendant is presumed to be innocent until his guilt is " shown by the evidence to your satisfaction, and any reasona-

"ble doubt of his guilt entitles him to an acquittal.  If you do "not believe that the defendant had the pocket-book in his "hand without the knowledge of Walsh, taken with the intent "to carry it away, without the consent of Walsh, and appro-"priating it to his own use, then you should acquit.

"If the defendant had the pocket-book in his hand before "Walsh was aware of it, the subsequent discovery of the fact "by Walsh, and the consequent relinquishment of his hold of "it by defendant, would make no difference, and the defendant "could nevertheless be guilty, but unless you so believe you "should acquit."

*Leslie Thompson*, for appellant, argued that to convict there must have been a complete severance of the property from the person, and cited a case strongly in point, viz., Rex *v.* Thompson, 1 Moody C. C., p. 78.

*Frank M. Spencer*, for the State, contended that the property had been sufficiently in the possession of Flynn to constitute the offense, and that no complete asportation need be shown, he cited Prim *v.* The State, 32 Texas, 157.

DEVINE, · J.   The appellant, with James Anderson, and George Wheeler, was jointly indicted for theft from the person of Nicholas Walsh.   The charge was dismissed as to Anderson, the defendant Flynn alone being tried.   The jury found him guilty and assessed his punishment at five years in the penitentiary.

The errors assigned are, that the charge of the court was contrary to law, and that it misled the jury; that the court erred in refusing the charge asked by defendant; that the verdict of the jury was not warranted by the evidence, and that the court erred in overruling the motion for a new trial.

The charge of the court was clear, concise, and embraced the law applicable to the case; it directed the mind of the jury to the law, which had reference only to the facts in evidence; it

was quite as favorable to the accused as the evidence demanded, or the law permitted. We find no error in the charge. The refusal of the court to give the instruction asked for defendant, was, under the facts of the case and the law, a proper exercise of discretion. The evidence, uncontradicted, shows that while appellant's co-defendant and associate, Wheeler, was "jostling "against him," Walsh, and impeding his exit from the crowd at the theater, appellant forced his hand into Walsh's pocket, took the pocket-book into his hand, and drew it half way out of the pocket; when the owner feeling the movement, turned suddenly around, and, with an angry exclamation, disconcerted the accused, who then made his escape. The witness stating further, that he resisted defendant's going away with the book, as (well) as he could, on finding him withdraw it. The accused was indicted under Article 762 of the Criminal Code. Article 763 defines the necessary requisites to constitute the offense. 1st. A theft from the person. 2d. The commission of the theft without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away; and, 3d. "It is "only necessary that the property stolen should have gone into "the possession of the thief, it need not be carried away in order "to complete the offense." In the present case it was taken from the person, from the place where the owner had deposited it. 4th. While Walsh was annoyed and his attention attracted by Wheeler, the defendant (in the language of the Code), "pri- "vately" took into his possession the pocket-book, and without the knowledge of the owner. 5th. The evidence shows he had, or held it in his hand, had removed it half out of the pocket—a sufficient possession within the letter and spirit of the Code—of property as small and portable as the article taken. The provision in Article 763, which dispenses with the necessity of proving the carrying away of property stolen from the person, and which makes the mere going into the possession of the thief of such property, sufficient proof, justified the court in refusing the instruction asked.

The object of the framers of the Code in prescribing the same punishment for theft from the person and theft from a house, was evidently to give to the property on the person the same degree of protection as is given to property in a house; in the last case it is not necessary to show a removal of the property charged to have been taken from the house, the reason of the rule is quite as strong when applied to property on the person, and the Code has removed doubt on this subject by declaring the offense complete when the property charged to have been stolen is taken into the possession of the person charged with the theft. That the offense is complete when the property is taken into possession was so held in a case decided during the late session at Tyler, where a party attempted to steal money during the night from the clothing of a companion with whom he was traveling.

The evidence sustains the verdict, and there was no error in overruling the motion for a new trial.

Affirmed.