### HENRY FRANKS v. THE STATE.

*No. 1046.  Decided May 27th, 1896.*

**1.  Burglary Charge—Recent Possession and Reasonable Explanation.**

On a trial for burglary, where defendant gave no explanation of his possession,
but, when challenged as to the property, stated that he did not know anything about
it. Held: Error for the court to charge upon recent possession and reasonable ex-
planation. When recent possession is relied upon by the State, for conviction, it is
not necessary for the court to single out this feature and charge upon it; a charge
upon circumstantial evidence, in such a case, would be sufficient.

**2. Same.**

It can rarely occur that any case would depend for conviction upon recent posses-sion alóne: and a charge on recent possession, singling it out as a criminative fact, and authorizing the jury to convict alone upon evidence of recent possession of stolen or burglarized property, is error.

**3. Same—Evidence—Conspiracy—Acts and Declarations of Codefendants.**

On a trial for burglary, where the evidence showed that part of the goods taken from the burglarized house and found at the house where defendant was living, in pursuance of statements, in the absence of defendant. made by a codefendant after the commission of the burglary: but. it was also shown, that the goods were still in the joint possession of both parties, who were preparing to remove them out of the State. Held: That the declarations and statements of the codefendant were legiti mate evidence against defendant on trial. if the parties were still acting together in the common purpose to dispose of the goods; but, if the common design and purpose had terminated with the burglary, statements, thereafter made, by such codefend-ant, could alone affect him, and could only be legitimately used as evidence against such codefendant.

APPEAL from the District Court of Randall. Tried below before Hon. H. H. WALLACE.

This appeal is from a conviction for burglary, the punishment being assessed at two years' imprisonment in the penitentiary.

In view of the disposition, made by the opinion, of the case, a state-ment becomes unnecessary.

*Plemmons & Veale*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of burglary, and given two years in the penitentiary and prosecutes this appeal. This is a case of circumstantial evidence, in which recent possession of property shown to have been stolen in the burglary, in connection with other facts and circumstances tending to connect the appellant with the burglary, in connection with another defendant, were relied on. There are but two questions that require consideration by us, and they involve the charge of the court. The court gave the following charge on possession of recently stolen property: "You are instructed that if you believe from the evidence that the property stolen (if stolen) at the time of the commission of the burglary, if any, was recently thereafter found in the possession of the defendant, and that the circumstances connected with his possession, when first called upon, were of such a character as to demand of him an explanation of his possession, and he failed or refused to make such explanation, then I charge you that, before you would be warranted in finding him guilty from such circumstance of possession alone, you must be satisfied that his possession was personal, was recent, was exclusive, was unexplained, and that it involved a distinct and con-scious assertion of property by the defendant and others acting with him as principals," etc. In referring to the evidence, it will be seen that the appellant himself gave no explanation, but, when challenged in regard to the property, stated that he did not know anything about it. It has been held by this court that where a defendant, when challenged in regard to property, gave an explanation as to his possession of re-

cently stolen property which accounted for his possession in a manner consistent with his innocence, it was the duty of the court to give such explanation, in some shape, in the charge to the jury. This could be given in the shape of an explanation, or as an affirmative charge predicated upon the facts stated in the explanation. See, White v. State, 28 Tex. Crim. App., 71; and authorities there cited. And for a proper charge on this subject see, Wheeler v. State, 34 Tex. Crim. Rep., 350. But it is not necessary, where possession of recently stolen property is relied on by the State for conviction, to single out this feature and charge upon it. Moreover, it can rarely occur that any case would depend upon recent possession alone for conviction; and a charge on recent possession, singling it out as a criminative fact, and instructing the jury that they are authorized to convict alone upon evidence of recent possession of stolen or burglarized property, is error. The charge in this case is such a charge. If the court had simply contented itself with a charge on circumstantial evidence, it would have been sufficient. The court also instructed the jury with reference to the acts and declarations of Dock Weeden, also indicted for the same offense. Said charge is as follows: "You are instructed, however, to wholly disregard the acts and declarations and conduct of Dock Weeden, if any have been offered in evidence, made or done in the absence of the defendant, unless you find, and believe from the evidence, that at the time of such acts, declarations, or conduct on the part of the said Dock Weeden, if any, there was a conspiracy or common design entered into by and between said Weeden and defendant to commit the burglary charged in the indictment, and that said acts, declarations, and conduct, if any, were done, or made during the pendency of said conspiracy or common design, and in furtherance thereof. If, however, you find and believe from the evidence, that there was a conspiracy between the defendant and said Weeden, entered into between them, for the purpose of committing the burglary charged in the indictment, then the said acts, conduct and declarations, made or done by the said Weeden during the pendency of said conspiracy, in furtherance thereof, are in evidence before you, notwithstanding the defendant may not have been present when said acts were done or declarations made, and may be given such weight by you as, in your judgment, they may be entitled to." The evidence in this case, shows that a lot of the goods taken in the burglarious entry, were found at the house where the defendant was living. They were found, however, in pursuance of statements made by Dock Weeden. These statements were made after the burglary. But the testimony tends to show that both defendants were still in joint possession of the goods, and were preparing to remove them to Canadian. If the disposition of said goods was a part of the common purpose and design of said codefendants, and they were still acting together in the disposition or concealment of said articles, and the common design with reference thereto had not terminated, then any statement made by Weeden was legitimate evidence against his codefendant; but if the common design and purpose terminated with the burglary, and

Weeden made these statements afterwards, such statements could alone affect him. The charge of the court should have properly presented this phase of the case, and this it does not do. For the errors discussed the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*