## OSCAR FILES v. THE STATE.

### No. 1071.    Decided June 10th, 1896.

**1.    Theft From the Person—What Constitutes—Allegation and Proof.**

Where an indictment alleged theft by privately taking from the person, and it was shown that defendant put his hand into the pocket of the prosecutor and took his pocketbook containing money.    Held: It was necessary for the State to prove that defendant privately and without the knowledge of prosecutor, slipped his hand into his pocket and secured the pocketbook in his hand.    If prosecutor knew that defendant was attempting to privately slip his hand into his pocket before he secured the pocketbook, and he submitted without resistance, the allegations of the indictment would not be sustained.

**2.    Same—Charge.**

On a trial for theft by privately stealing from the person, where the court charged the jury, "If you believe from the evidence that W. (the prosecutor) knew when defendant put his hand in W.'s pocket, and took W.'s pocketbook into his (defendant's) hand, then you will acquit him.    If defendant had the pocketbook in his hand before W. knew it, the subsequent discovery of the fact by W. would make no difference, and the defendant could, nevertheless, be guilty; but unless you should find, from the evidence, beyond a reasonable doubt, that defendant did have said pocketbook in his hand before W. knew it, you should acquit."    Held: The charge is not upon the weight of evidence, nor is it obnoxious to the objection, that it assumes, as a fact, that defendant put his hand into W.'s pocket without W.'s knowledge, and that W.'s discovery was subsequent to such act by defendant.

APPEAL from the District Court of Hill.    Tried below before Hon. J. M. HALL.

This appeal is from a conviction for theft from the person, by privately taking a pocketbook containing money therefrom, the punishment being assessed at two years' imprisonment in the penitentiary.

The opinion states the case.

[No briefs were filed for appellant before the opinion below was handed down.    On June 13th, *S. C. Upshaw*, for appellant, filed a motion for rehearing and briefs—which motion for rehearing was overruled without a written opinion.]

*Mann Trice*, Assistant Attorney-General, for the State, cited, Flynn v. State, 42 Texas, 301; McLin v. State, 29 Tex. Crim. App., 171.

HENDERSON, JUDGE.—Appellant was convicted of theft of property from the person, and given two years in the penitentiary, and prosecutes this appeal.    The substantial facts as to the act of taking are stated by the State's witness, W. R. Ward, who testified as follows: "That witness, defendant, and a number of others had been drinking together in the city of Hillsboro; that about 8 o'clock at night he started to go home.    Defendant took hold of one of his arms, and put the other around his waist and said to him, 'Here, you don't know where you are going,' and led him out of the back lot, where they were, into an alley; and when they were about sixteen steps down the alley the defendant put his hands into his pocket, and took his pocketbook, which contained two $5-bills, and two 1-cent copper pieces.    These bills were United States currency money.    It was my money.    I did not know

when the defendant put his hand in my pocket, but I felt him as he was pulling my pocketbook out of my pocket, and said to the defendant, 'Never mind about that; I can attend to that.' I made no resistance, because I saw other negroes around, and was afraid to say anything," etc. On this state of facts, upon this point the court charged the jury as follows: "If you believe from the evidence said Ward knew when he (defendant) put his hand in his (Ward's) pocket, and took said Ward's pocketbook into his (defendant's) hand, then you will acquit him. If the defendant had the pocketbook in his hand before Ward knew it, the subsequent discovery of the fact by Ward would make no difference; and the defendant could nevertheless be guilty; but unless you should find from the evidence beyond a reasonable doubt that the defendant did have said pocketbook in his hand before Ward knew it, you should acquit the defendant." Appellant excepted to this charge of the court on the ground that it was a charge upon the weight of evidence, and assumed as a fact that the defendant put his hand in Ward's pocket without Ward's knowledge, and that Ward subsequently discovered it. We have examined the charge in question, and it occurs to us that it pertinently presents the issue in the case upon the very point of taking. The allegation in the indictment is that the property was privately taken from the person of said Ward. To sustain this allegation it was necessary for the State to prove that the defendant privately, without the knowledge of the prosecutor, slipped his hand into his pocket, and secured in his hand the pocketbook containing his money. Further asportation was not necessary. If, however, the prosecutor knew that the defendant was attempting to privately slip his hand in his pocket, before he had secured the purse, and he submitted to the same without resistance, then it would not have been theft, under the allegations of the indictment. Both phases of the case upon this point were presented to the jury in a clear and succinct manner, and the charge of the court is not obnoxious to the criticism made by the appellant as being upon the weight of the evidence. See, McLin v. State, 29 Tex. Crim. App., 171; Green v. State, 28 Tex. Crim. App., 493; Flynn v. State, 42 Texas, 301. Appellant also excepted to the remarks of counsel for the State when addressing the jury. As soon as the court's attention was called to this, he reprimanded counsel, and instructed the jury to disregard the same. In this there was no error. The judgment is affirmed.

*Affirmed.*