### D. E. JORDAN v. THE STATE.

#### No. 3760.    Decided October 16, 1907.

#### 1.—Theft of Horses—Want of Consent—Circumstantial Evidence.

Where upon trial for theft the evidence showed that the owner of the alleged stolen animal was dead, want of consent was proven by circumstantial evidence, and there was no error in this.

2.—Same—Charge of Court—Explanation—Weight of Evidence—Recent Pos-
session.

Upon trial for theft, a charge of the court, to wit, "if when the defendant's pos-
session of the animals mentioned in the indictment was questioned (if you find
he had possession of them), he stated that he got the animals from a drover on
Plum Creek, and if such statement is reasonable and probably true, then, unless
the State has shown such explanation of possession to be false, you will acquit
the defendant," was on the weight of the evidence. Approving Wheeler v. State,
34 Texas Crim. Rep., 350.

Appeal from the District Court of Gonzales. Tried below before the
Hon. M. Campbell.

Appeal from a conviction of theft of horses; penalty, two years im-
prisonment in the penitentiary.

The opinion states the case.

*W. B. Green,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft of horses, and
his punishment assessed at two years confinement in the penitentiary.

Appellant insists that the accomplice's testimony in this case is not
corroborated, but we think the evidence amply corroborates his testi-
mony.

Appellant further insists that the evidence fails to show want of
consent of the prosecutor to take the animals. The evidence shows
that the party from whom the animals were taken was dead at the
time of this trial, but as suggested by the trial court, in his charge,
this fact can be proved by circumstantial evidence as well as by pos-
itive testimony, and we hold that it was clearly done by the evidence
in this case.

Appellant objects to the following charge of the court: "If when the
defendant's possession of the animals mentioned in the indictment
was questioned (if you find he had possession of them), he stated that
he got the animals from a drover on Plum Creek, and if such statement
is reasonable and probably true, then, unless the State has shown such
explanation of possession to be false, you will acquit the defendant."
Appellant insists this charge is on the weight of evidence, and is an
inaccurate statement of the law. We think it is a charge upon the
weight of the evidence. We have repeatedly held this is an erroneous
charge. As we understand the evidence, however, there is no evidence
suggesting a charge on recent possession. For a discussion of a proper
charge see Wheeler v. State, 34 Texas Crim. Rep., 350; Franks v.
State, 36 Texas Crim. Rep., 149, 35 S. W. Rep., 977, and Mathews v.
State, 32 Texas Crim. Rep., 355.

For the error in the court's charge, the judgment is reversed and
the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.