JESSE ALBRITTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 5, 1921.

1. In a trial for larceny, the non-consent of the owner must be proved, as it cannot be presumed from the taking.

2. If the absence of the owner is satisfactorily accounted for his non-consent may be proved by circumstantial evidence, provided the circumstances are such as to exclude every reasonable presumption that the owner consented.

A Writ of Error to the Circuit Court for Taylor County, M. F. Horne, Judge.

Judgment reversed.

*W. P. Chavous* and *W. C. Hodges,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

BROWNE, C. J.—The sole question presented by the record in this cause is the sufficiency of the evidence to support the verdict. The indictment charged the defendant with the larceny of one cow, the property of "Mrs. Alberta Chaires, J. L. Towles, S. M. Towles, Mrs. Hettie Hogans, Mrs. Mattie Lou Howard, and W. A. Towles." It was proven that J. L. Towles, S. M. Towles and W. A. Towles did not give or sell the cow to the defendant, and did not give their consent for him to kill it. Mrs. Alberta Chaires, Mrs. Hettie Hogans and Mrs. Mattie Lou Howard did not testify and there is nothing in the record to show that they did not give or sell the cow to the defendant or give their consent for him to kill it.

The cow alleged to have been stolen was one of a number of range cattle belonging to the Towles' heirs named in the indictment, and it does not appear from the testimony that the stock of cattle was in the exclusive custody and control of any one of the owners, or of any other person.

Underhill on Criminal Evidence (2nd ed.) Section 295, says: "The non-consent of the owner must be proved, as it cannot be presumed from the taking." Citing State v. Storts, 138 Mo. 127, 39 S. W. 483; Garcia v. State, 26 Tex. 209, 210, 82 Am. Dec. 606; Wilson v. State, 12 Tex. App. 481, 487. If the absence of the owner is satisfactorily accounted for "his non-consent may be proved by circumstantial evidence, provided the circumstances are such as to exclude every reasonable presumption that the owner consented." Ibid, citing Carroll v. People, 136 Ill. 456, 465, 466, 27 N. E. 18; Rex. v. Hazy, 2. C. & P. 458; State v. Skinner, 29 Ore. 599, 46 Pac. 368; Trafton v. State, 5 Tex. App. 480; Files v. State, 36 Tex. Cr. 206, 36 S. W. 93; State v. Porter, 26 Mo. 201, 203; 2 Russ. on

Crimes, 737; George v. United States, 1 Okla. Cr. 307, 97 Pac. 1052; Ray v. State, 4 Ga. App. 67, 60 S. E. 816; Van Syoc. v. State, 69 Neb. 520, 96 N. W. 266; Jordan v. State, 51 Tex. Cr. 646, 104 S. W. 900; State v. Faulk (S. Dak. 1908) 116 N. W. 72; Wilson v. State, 45 Tex. 76, 78, 23 Am. 602; Housh v. People, 24 Colo. 262, 50 Pac. 1036.

There were six persons named in the indictment as the owners of the cow, and three of them failed to testify that they did not give their consent to the killing. Their absence was not accounted for, nor were there any circumstances proven that would exclude every reasonable presumption that they consented. The non-consent of all the owners was an essential element of the offense charged, and the failure to prove the non-consent of three of the owners is fatal to the conviction.

The evidence does not sustain the verdict, and the judgment is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.