HENDRY, Judge.
Appellant, defendant in the trial court, was tried non-jury and convicted of possession of a stolen vehicle and aggravated assault. He was sentenced thereon to serve four years in the state penitentiary on each charge, the sentences to run concurrently.
Appellant attacks his conviction for possession of a stolen vehicle on the grounds that the state failed to prove every essential element of the crime: to-wit: non-consent and possession of the same automobile that was reported missing.
It is appellant’s theory that nonconsent was not proven because the state only called the owner of the vehicle in question, Mr. Espy Ward, to testify. Mr. Ward stated that he had authorized his daughter, Linda, to have possession of the car, and it was stolen on July 16, 1971 while she was at work. Appellant argues that the state’s failure to produce the testimony of Linda Ward, who at the time of trial was in Idaho, resulted in a lack of proof of the element of nonconsent to possession of the automobile.
Appellant cites Albritton v. State, Fla. 1921, 81 Fla. 684, 88 So. 623, in which a defendant was convicted of stealing a cow. The court reversed because only three of the cow’s six owners testified, noting that nonconsent may not be presumed from a taking. The Albritton case is inapposite in the instant case.
Nonconsent does not always require proof by direct evidence, but may be inferred by circumstantial evidence. Johnson v. State, Fla.1946, 157 Fla. 328, 25 So. 2d 801. In the cause sub judice, the trial obviously found nonconsent based on circumstantial evidence.
The record also demonstrates that the state proved that the appellant was in possession of the same vehicle which had been reported stolen.
On August 17, 1971 Lt. Palmara, a City of Miami Police Officer, recognized the car parked at a motel as matching the description of the vehicle earlier reported stolen. He and another officer then remained staked out across the street in an unmarked car until appellant and a second man emerged. The officers then permitted appellant to drive the car away from the motel, after which appellant was stopped and arrested. We find this case to be distinguished from Morgan v. State, Fla.App. *435 1966, 186 So.2d 795, relied upon by appellant. .
Appellant’s final point challenges his conviction for aggravated assault resulting from a subsequent arrest. Our review of the record indicates that the evidence was sufficient to sustain the conviction. See Bass v. State, Fla.App.1970, 232 So.2d 25. Moreover, appellant never made a motion for a directed verdict or a new trial at his trial upon the charge, and he is therefore precluded from raising the sufficiency of the evidence on appeal. Mancini v. State, Fla.1973, 273 So.2d 371.
Therefore, for the reasons stated and upon the authorities cited, the judgments and sentences appealed are affirmed.
Affirmed.