PER CURIAM.
Appellant-defendant, James A. Rise-brough, was charged by an amended information with a felony, auto theft, in violation of Section 814.03(1), Florida Statutes 1973. At the conclusion of the trial, the jury returned a verdict finding the defendant guilty of the crime charged. The trial court entered judgment accordingly, and sentenced the defendant. It is from this judgment and sentence that the defendant appeals.
The defendant here contends that the trial court erred in omitting from its instructions to the jury an essential element of the crime charged. We must agree.
The trial court instructed the jury on the felony charged, auto theft, and on the lesser included offense of unauthorized temporary use of a motor vehicle, a misdemeanor under Section 814.04, Florida Statutes 1973. However, nowhere in the instructions as given to the jury did the trial court indicate that to be guilty of auto theft under Section 814.03(1), the defendant must have intended to permanently deprive the owner of the vehicle. Intent of the defendant to permanently deprive the owner of the motor vehicle is a material element of auto theft, and the presence of such intent is the factor distinguishing the felony, auto theft, from the misdemeanor offense of unauthorized temporary use of a motor vehicle. The failure of the trial court to instruct .the jury on the issue of intent, at least where the defendant, as here, presented evidence at trial denying the felonious nature of the taking, constitutes reversible, error. See Austin v. Wainwright, 305 So.2d 845 (Fla.App.1975).
Accordingly, the judgment and sentence herein appealed is reversed and the cause remanded for a new trial.
Reversed and remanded for new trial.
CROSS, MAGER and DOWNEY, JJ., concur.