PER CURIAM.
G.A.D., a juvenile, appeals from adjudication of delinquency of larceny of a motor vehicle.
The record on appeal reveals that a petition for delinquency was filed, charging the juvenile with larceny of a motor vehicle. At the trial, Officer Homan testified that while on routine patrol he observed a few black males pushing a 1965 Pontiac down a two-track road. He observed the defendant as one of the juveniles pushing the car. The officer testified that he observed the subjects look in his direction and flee into a wooded area. He immediately broadcasted the physical description of the subjects over his radio and, subsequently, the defendant was apprehended by another officer. Officer Homan further testified that he recorded the Pontiac’s identification and license tag numbers and ran a record check on the car. He stated that he turned the Pontiac over to a person named Joyce McGee who, in turn, produced a vehicle registration and title. Joyce McGee did not testify nor did the State prove that McGee did not give the juveniles permission to use the car. The court denied a motion for judgment of acquittal and adjudicated the juvenile delinquent. This appeal followed.
The appellant contends the trial court erred in finding that he committed auto theft and in adjudicating him delinquent, because the State failed to adduce any evidence as to the material elements of non-consent and intent to permanently deprive. Therefore, the juvenile’s right to due process of law was violated. See: Albritton v. State, 81 Fla. 684, 88 So. 623 (1921); Davis v. State, 92 Fla. 209, 109 So. 301 (1926); Bowles v. State, 153 Fla. 219,14 So.2d 269 (1943); Caves v. State, 302 So.2d 171 (Fla. 2d DCA 1974); Austin v. Wainwright, 305 So.2d 845 (Fla. 4th DCA 1975); Risebrough v. State, 313 So.2d 48 (Fla. 4th DCA 1975); Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). The appellant also urges that the only evidence adduced was merely flight by him from the scene and that this, in and of itself, will not support the conviction. See: State v. Young, 217 So.2d 567 (Fla.1968).
The State responds and contends that more than flight was established and that, therefore, from the totality of the circumstances as described in the evidence the appellant was guilty as charged, citing Ackerman v. State, 292 So.2d 433 (Fla. 3rd DCA 1974).
We concur with the appellant. The mere showing that an individual flees from a scene is not sufficient to establish criminal conduct at or about the scene. The case relied on by the State had the additional element of evidence which showed that the automobile was, in fact, stolen. There was no evidence in the instant record that showed that the Pontiac was, in fact, stolen.
Therefore, the adjudication of delinquency here under review be and the same is hereby reversed, with directions to discharge the appellant.
Reversed and remanded, with directions.