BERANEK, Judge.
The defendant appeals a conviction on three separate counts of larceny of a motor vehicle under F.S. § 812.021. Defendant was charged with the larceny of a Plymouth automobile under Count I, a Chevrolet automobile under Count II, and a Cadillac automobile under Count III. It was charged that defendant took each automobile from the same owner. Verdicts of guilty were returned against defendant as charged on each count and defendant was convicted and sentenced on each count. We reverse.
The facts are that the defendant and his brother were involved in a used car business known as McFarland Motors. The used car business was operated by the brother as manager. On the day in question defendant/appellant went to an automobile company at his brother’s direction for the purpose of buying used cars. Defendant picked out three used cars and paid for them with “collection drafts” which were signed by defendant’s brother. It is uncontested that the drafts were not signed by defendant. These “collection drafts” are not included in the record on appeal but they are apparently a form of payment system peculiar to the used car sales business. By virtue of these drafts it appears that defendant’s brother promised to pay the amount stated on the face of the draft at a particular bank in the future. Payment was apparently conditioned on delivery of title. It is not at all certain whether the draft was actually an indication that the amounts on the face of the draft were on deposit in the bank.
The drafts turned out to be worthless and the issue of primary importance in this case is whether the defendant knew the drafts to be worthless at the time he acquired possession of the automobiles in exchange for them. Appellant’s position is that he did not know the drafts were worthless and acted only as a conduit on instructions from his brother who was running the business.
The intent of the defendant to permanently deprive the owner of the motor vehicles is without question a material element of an auto theft. Risebrough v. State, 313 So.2d 48 (Fla. 4th DCA 1975). It seems clear that defendant intended to obtain possession of the automobiles but we believe the evidence to have been insufficient on the issue of whether the defendant knew the drafts were worthless at the time he obtained possession of the automobiles.
The State relies upon events occurring after the transfer of the automobiles to sustain its burden of proof in this regard. It is true that McFarland Motors became defunct shortly after the three automobiles were purchased and that one of the automobiles in question was in fact sold to a subsequent purchaser at a figure slightly less than the purchase price. The defendant was never directly connected to this sale. These two pieces of evidence are not sufficient to show that the defendant knew his brother was not going to make good on the conditional drafts when they were presented for payment.
Defendant obtained possession of the automobiles in return for a written promise by his brother to pay for the cars at a future time. There is simply no evidence that defendant knew his brother was not going to honor this future conditional promise. The facts presented were entirely consistent with several reasonable hypotheses of innocence. See, Riutta v. State, 299 So.2d 620 (Fla. 2nd DCA 1974). This was not a prosecution for obtaining property in return for a worthless draft under § 832.-05(3) Fla.Stat. Indeed, under this Chapter the State would have had the advantage of § 832.07 which might well have provided a presumption or at least a prima facie case as to the element of intent. Here, the State did not charge under § 832.05 nor could they seek the aid of the evidentiary *950 aspects of § 832.07.[1] Instead this appellant was charged with grand larceny of the three automobiles. In lodging this charge the State assumed the very heavy and difficult burden or proving that appellant knew at the time of transfer that his brother did not intend to pay off on the drafts in the future. The State did not carry its burden in this regard and the judgment and conviction is reversed with directions to discharge the defendant.
REVERSED.
ANSTEAD, J., and SIEGENDORF, ARDEN M., Associate Judge, concur.

. The defendant was charged under Chapter 812 with grand larceny. It would seem that the more appropriate charge might have been under § 832.05(3) relating to obtaining property in return for a worthless check or draft. The chapter also contains § 832.07 which provides that the delivery of a worthless draft is prima facie evidence of intent to defraud or knowledge of insufficient funds. This statutory provision was obviously intended to meet the problem encountered by the State herein.