**JOSEPH DAMICO v. THE STATE OF FLORIDA**

16 So. (2nd) 43                                                     June Term, 1943
December 21, 1943                                                   Division A
Rehearing Denied January 13, 1944

*J. C. Davant, Archie Clement* and *J. C. Cain,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Bourke Floyd,* Special Assistant Attorney General, for appellee.

ADAMS, J.:

Appellant was convicted of breaking and entering with intent to commit a felony, to wit: grand larceny.

The first question we consider is whether there was error in denying an application for a commission to take the testimony of a nonresident witness to support a plea of alibi. The information was filed September 22, 1942. December 5th, following, a motion to quash was filed. December 8th, appellant was arraigned. The case was set for trial on January 12th and on January 5th the application for commission was presented and denied. The statute authorized the commis-

sion up to the time he is arraigned. Section 199 (A), Criminal Procedure Act; Section 916.06, Fla. Stat. 1941. So it appears that the application was made too late, and, no doubt, the trial judge was convinced that to grant the commission one week before the case was to be tried would necessarily result in a continuance and he was justified in the exercise of his discretion in denying the application.

It is also claimed that error was committed by allowing an attorney to testify to admissions of appellant. It appears that the attorney represented the owners of the property stolen from the building which appellant broke and entered and while endeavoring to locate and reclaim the stolen property he conversed with appellant and aided in having appellant released on bond in order to secure a return of the property. The record shows no relationship of attorney and client hence the point is not well taken. People v. Corbin, 118 Calif. App. Rep. 392, 5 Pac. (2nd) 460; 70 C.J. page 403, et seq.

The next question is whether the secretary-treasurer and principal stockholder in the victimized company, could, by her consent and confederation, exonerate the culprit. The place entered was a jewelry store belonging to a corporation. There were two stockholders. The president held a small amount of stock and the secretary-treasurer held the remainder. Both were active in the business although the president was the real manager. Friction between them arose and the secretary-treasurer was convinced that she was not being dealt with fairly whereupon at a time when a large stock of valuable jewels were consigned to company and in its custody she conspired with appellant to rob the store and hold the jewels for a reward. The reward was to be divided between appellant and the secretary-treasurer. In that way she expected to recoup a part of her investment in the venture. Pursuant to such agreement she left the safe unlocked and enabled the appellant to commit the crime. To support his contention appellant has cited Albritton v. State, 81 Fla. 684, 88 So. 623 and several other cases of like import. Such authorities have no application to the facts of this case because while the secretary-treasurer was finan-

cially interested in the store the title to the property was in the company and also a large portion of the stolen property belonged to consignors. She had no right, either moral or legal, to consent to the crime. 32 Am. Jur. 911 Wharton's Criminal Law, 12th Ed., Vol. 2, Section 1177, et seq.

It is also insisted that the court erred in failing to charge on the lesser offense charged, to wit: breaking and entering with intent to commit a misdemeanor. This contention is without foundation because there was no evidence to support or require such a charge, and none was requested.

All other questions have been duly considered and found without merit.

The judgment is affirmed.

BUFORD, C. J., TERRELL, BROWN, THOMAS and SEBRING, JJ., concur.

CHAPMAN, J., concurs specially.

CHAPMAN, J., concurring:

For a reversal of the judgment appealed from, it is contended that the State of Florida failed to adduce sufficient testimony or carry the burden of proof required by law to sustain the allegations of the information to the effect that the appellant unlawfully broke and entered the store building of Stewart's Inc., a Florida corporation, at St. Petersburg, Florida, on the night of March 19, 1942, with the intent to commit a felony, to-wit, grand larceny. The defendant below did not take the witness stand or offer testimony in his behalf, and a motion for a directed verdict made by counsel was denied by the trial court.

The state of Florida, to establish these material allegations, relied upon the testimony of Mrs. Mabel Early. She testified that she invested in Stewart's Inc., a jewelry business, all of her property, which was approximately $25,000.00, and she was unable to get her money out; the other stockholders owned some $2,000.00 or $3,000.00; that an officer of the corporation working in the store made her work there as secretary and treasurer difficult and unpleasant; that the officer was not only discourteous to her but abusive; the

jewelry in question was not the property of the corporation, but was consigned to the corporation for sale.

Mrs. Early had made an effort to get her money out of the business and thereby sever a disagreeable connection, but her efforts were without results; that she had been acquainted with the appellant some two or three years prior to March 19, 1942, and he, during the Winter, was spending time at St. Petersburg and Miami; she had discussed with him her unpleasant business connection and her dissatisfaction with the officers, stockholders and employees of Stewart's Inc., and expressed to the appellant a desire to get out, when appellant volunteered to her his services and efforts in obtaining this objective.

Prior to March 19, 1942, the appellant suggested to Mrs. Early that some evening at the close of business that she leave the safe containing the jewelry unlocked and he would enter the building and get the jewelry, hold the same and demand the payment of a reward for its return, and upon receipt of the reward they would divide the amount of same and this would return to her some part of her investment. Pursuant to this agreement, she intentionally left the safe used in the business containing the jewelry valued at approximately $140,000.00 unlocked and made the same accessible to the appellant. Some four or five keys to the door to the business were in use, but it is not clear from the testimony that she supplied the appellant with one of the keys to the entrance door of the business. The legal effect of this testimony, it is contended, is sufficient to show an intentional breaking and entering because it was done upon the request and approval and with the knowledge and consent of Mrs. Early, the principal stockholder of the business of Stewart's Inc.; that the jewelry was subsequently returned to the owners for a reward, and the plans carried out.

· The case of Charles v. State, 36 Fla. 691, 18 So. 369, is cited. The breaking and entering in this case was shown to have been for the purpose of obtaining certain property of the defendant. The breaking and entering therein was not unlawful. The breaking and entering as shown in the case of Cannon v. State, 102 Fla. 930, 136 So. 695, was with the

*consent* of the tenant and therefore not unlawful. Other cases are cited and relied upon and the same have been carefully examined.

It is academic that the consent by an owner is a good defense to a prosecution for larceny; consent to the entrance of a building by the owner is a good defense to a charge of breaking and entering; consent to intended rape will bar a prosecution for rape. See Wharton's Criminal Law, Vol. 1, (12 Ed.) par. 180, pp. 233-4. Consent of the owner constitutes a good defense to a prosecution charging breaking and entering, or taking. See Wharton's Criminal Law. Vol. 1 (12th Ed.) par. 1048, p. 1335.

Assuming that Mrs. Early owned 90% of the assets of Stewart's, Inc., and that she authorized the appellant not only to enter the building but to take the property on consignment with it, consisting of jewelry of an approximate value of $140,000.00, will the consent of Mrs. Early, as such stockholder, as given to the appellant to enter the building and take the jewelry constitute a good defense to this prosecution? A share of stock represents a proportionate or aliquot interest in the property of the corporation, but does not vest the owner thereof with any legal right or title to any of the property, his interest in the corporate property being equitable or of a beneficial nature. The sale or transfer of stock of the corporation does not reduce or impair the corporate assets. See Fletcher's Cyclopedia Corporations, Vol. 11 (Perm. Ed.) par. 5100, pp. 88-90.

Section 612.34 Fla. Stats. 1941, provides for the election of officers of a corporation and the duties of each may be prescribed by an appropriate by-law legally adopted. The sale of the assets or franchise can or may be accomplished by a compliance with the several provisions of Section 612.35, Fla. Stats. 1941. We have not been cited authorities to sustain the contention of the appellant that the consent of the largest stockholder of Stewart's Inc., would preclude this prosecution. The promise of the treasurer of Stewart's Inc., to make the jewels accessible by her leaving the safe of the business unlocked; her approval and consent as an officer and principal stockholder for the appellant to enter the building

and take the jewelry; the agreement between them as to a division of a reward for the return thereof; the return of the stolen property to the owners; the desire of the appellant to assist the stockholder and officer in retrieving some of her losses through the investment, and other matters, can or may be presented to the Board of Pardons as reasons for a commutation of the sentence imposed in the lower court.

Failing to find a legal reason for the reversal of the judgment appealed from, I therefore concur in the opinion and judgment prepared by Mr. Justice Adams.