BARNS, PAUL D., Associate Judge.
The appellant-defendant was convicted on trial before a jury on information charg *66 ing him with armed robbery in violation of § 813.011, F.S.A., and he appealed from final judgment. We affirm.
The first three errors argued are that the trial court erred:
I. In denying appellant’s request for a continuance;
II. In denying appellant’s request for a voir dire examination of the jury; and
III. In denying appellant’s request for a sanity hearing.
The foregoing acts charged as error arose under the following circumstances as related by the briefs of the attorneys and supported by the record, viz.:
On October 4, 1965, the defendant, Elwood Lamar Albright, came before the court for arraignment. At this time the co-defendant was represented by private counsel who requested a week’s continuance which was granted by the court. The court then inquired of the defendant, Elwood Lamar Albright, as to his age and whether or not he had a lawyer. The defendant, Elwood Lamar Albright, indicated that he did not have a lawyer but that he had talked with the investigator from the Public Defender’s office. At this time, the defendant indicated that he did not particularly care for one of the public defenders and further stated, “I ain’t accepting none of them.” The defendant also requested a postponement and that he was not entering “no plea.” The defendant again stated, “I want an attorney but I don’t want one of them.” in response to the question by the court, “You don’t want the Public Defender to represent you?”
On October 11, 1965, when brought before the court before arraignment the defendant told tire court, “I told you last week, I ain’t having no Public Defender. Now, I am not letting none of them represent me and that’s all there is to it. I want a lawyer, but I don’t want them.” The defendant refused to enter a plea, and the court entered a plea of Not Guilty for him. After some hassle with the court, the defendant, Elwood Lamar Albright, was held in contempt of court, sentenced to thirty days and the case was set for trial by the court on December 29, 1965.
On November 10, 1965, the State Attorney’s Office furnished to the defendant a List of Witnesses and a Bill of Particulars.
On December 6, 1965, the defendant was again brought before the court to see if he wished counsel appointed to represent him, and he reiterated, “I want counsel, but I don’t want one of them. I want a lawyer. I don’t want none of them.” (referring to the Public Defender’s Staff).
On December 27, 1965, an assistant public defender appeared before the court and stated his attempts to talk with the said defendant and protect the defendant, and the court requested the assistant public defender to make one further effort to talk with the defendant to see whether or not the defendant would accept his services.
On December 27, 1965, Mr. Rawlins, the assistant public defender, reported to the court that the defendant, Elwood Lamar Albright, had been contacted and again refused anything to do with the Public Defender’s office.
On December 29, 1965, the Honorable Joseph G. Spicola, Jr., Public Defender, appeared in the court room in the event the court might appoint him to represent the defendant. The State announced that it was ready for trial, and the defendant, Elwood Lamar Albright, stated that he was not ready to proceed as he had filed a motion in circuit court and personally made a motion for a sanity hearing before proceeding. The court denied the motion for a sanity hearing. The jury was then duly selected and sworn and the court granted a fifteen minute recess. After recess, and in the absence of the jury but in the presence of the defendant, Elwood Lamar Al-bright, the Public Defender orally moved the court for a continuance upon the *67 grounds that he had just been appointed counsel and was unprepared at that time for trial. The court denied this motion. The Public Defender also orally moved the court for an appointment of a psychiatrist for a sanity hearing because “we have just discovered that he has previously been committed as an incompetent, I believe in 1954, in Lansing, Michigan.” The court denied this motion. The Public Defender further orally moved the court to allow counsel to question the jury on voir dire since counsel was not appointed during that time of the trial. This motion was also denied by the court. Whereupon, the jury was returned to the courtroom and the trial proceeded.
After fifty-one minutes of deliberation, the jury found the defendant, Elwood Lamar Albright, guilty as charged in the Information. The court adjudged the defendant guilty as charged, and the Public Defender requested that the court defer sentence and have a psychiatrist appointed to examine the said defendant. The court denied this motion and sentenced the defendant to thirty years in the State Prison giving credit for jail time served and granting the defendant fifteen days in which to file motion for new trial.
On January 12, 1966, motion for new trial was filed with the Clerk. On January 17, 1966, the court heard, considered, and denied defendant’s motion for new trial.
Denial of continuance and voir dire examination of the jury. The defend-' ant refused repeated proffers for an attorney to aid and represent him at trial; however, after the jury was sworn, he accepted the public defender as his attorney. The record shows that the defendant has some knowledge of court proceedings, viz.:
“DEFENDANT ALBRIGHT: I am not entering no plea. I ask for a bill of particular. I want to make some motions and — ■
“THE COURT: All right, what motion do you want to make?
“DEFENDANT ALBRIGHT: I want to make a motion to suppress the evidence. I also want to make a motion to go to trial separately, severance of trial, and motion to quash, and everything else, and I am not making a plea until I get all this.
“THE COURT: All right, we will enter a plea of not guilty for you.”
It is customary for the court to excuse the other jury men on the venire after- a jury is sworn to try the case. The record does not show that the defendant was denied the right to question the jury on voir dire before they were sworn and no such contention is made. The defendant has deliberately created his grounds for a continuance. The court allowed fifteen days for making a motion for a new trial and the motion gave no ground touching on anything that a continuance might have avoided. The refusal of aid of counsel was a waiver until accepted, and it was not error for the court to deny examination of the jury after it was sworn.
Denial of request for a sanity hearing: Section 917.01, F.S.A., prescribes that: “If before or during trial the court, of its own motion, or upon motion of counsel for the defendant, has reasonable ground to believe that the defendant is insane, the court shall immediately fix a time for a hearing to determine the defendant’s mental condition.” The record (including the motion for new trial) is devoid of anything to give rise to a belief that the defendant was insane at the time of committing the offense charged or at the time of trial. Hence, it was not error to deny a sanity hearing.
Failure to Instruct the Jury on Lesser Crime: Another point relied on for reversal is that the court erred in not instructing the jury on convicting the defendant of a lesser crime than the one charged in the Information. There is no evidence to support or require such a charge, and no *68 such charge was requested. The court did not err in this respect. Damico v. State, 1943, 153 Fla. 850, 16 So.2d 43.
Affirmed.
ALLEN, C. J., and PIERCE, J., concur.