PER CURIAM.
On consideration of this appeal from a judgment of conviction of the appellant for the crime of aggravated assault, no reversible error has been made to appear, and we affirm.
Appellant’s sole contention is that the trial court committed error in denying his motion to suppress evidence obtained on a ■search, made without a warrant, which it is claimed was illegal.
A Metropolitan-Dade County police officer made a lawful arrest of appellant for the said offense. When arrested, appellant was on the deck of a moored boat owned by him, and in which he lived. The officer handcuffed the appellant and removed him from the boat to an adj acent dock where he was placed under the guard of another officer.
The arresting officer then returned to the vessel and proceeded to search it, and certain evidence relevant to the crime charged was found thereon.
In the circumstances shown the search of the boat for the fruits and instruments of the crime and for weapons was incidental to the lawful arrest and was not unreasonable. See Longo v. State, 157 Fla. 688, 26 So.2d 818; Brown v. State, Fla.1950, 46 So.2d 479, 481.
The argument of appellant that the search was not incidental to the arrest and was remote because made after the defendant had been removed from the boat to the dock by the arresting officer, is not supported by any cited authority so holding, and in our opinion is lacking in merit.
Affirmed.