ALLEN, Acting Chief Judge.
An information was filed against the appellant-defendant charging him with the crime of robbery. He waived arraignment and entered a plea of not guilty. The case was tried and the jury found the defendant guilty as charged. The trial court adjudged the defendant guilty and sentenced him to 25 years in the State Penitentiary.
On appeal the defendant has raised as his sole point the question of whether the trial court erred in admitting certain of the State’s exhibits which he claims were *200 obtained as a result of an illegal search and seizure.
We hold that the trial court did not err and affirm the judgment and sentence of the trial court.
Appellant argues that there was no legal basis for his arrest. He asserts that the arresting officer testified that on the date in question he investigated a criminal act; that he was advised of an offense in a certain area; that there was a pick-up broadcast; that he went into the area looking for the subject; and that he observed and stopped a subject fitting the said description. The officer further testified that “ * * * I advised him that he was under arrest for armed robbery.”
In Lowe v. State, Fla.App. 1966, 191 So. 2d 303, the defendants were said to have been in a tire supply store. Approximately thirty minutes after they left the store, a television set and several radios were found to be missing. The defendants, a customer and two sales clerks were shown to be the only persons in the store during this time. The sheriffs department was notified that the merchandise was missing, and an investigation was commenced.
The investigating officer was given a description of the missing merchandise, a description of the defendants and a description of an automobile suspected to be connected with the theft. A radio message was sent out from the sheriffs department to all officers to be on lookout for the described automobile, occupied by numerous colored subjects, in connection with the suspected crime. After receiving this message, a deputy sheriff noticed and followed a car fitting the description. He stopped the automobile and asked the driver, one of the defendants, for his driver’s license.
In the Lowe case, supra, the court said:
“Section 901.15, Florida Statutes, F.S.A., provides that a police officer may arrest a person without a warrant when he has reasonable ground to believe that the person to be arrested has committed a felony. We find that the officers in this cause had reasonable ground to believe that a felony had been committed by these persons and were justified in stopping the defendants’ automobile. * ”
In the case sub judice there had been a robbery; an investigation had taken place; a description of the robber had been relayed over the police radio; the arresting officer stopped a person fitting the said description and after advising the subject that he was under arrest for armed robbery, directed a search of the subject’s person, which yielded the articles alleged to have been illegally obtained.
This court, in Bryant v. State, Fla.App. 1963, 155 So.2d 396, held that arrest without a warrant was valid and that the search was reasonable. The court further sustained its holding in the Bryant case, supra, wherein it quoted from other authorities as follows:
“ ‘In cases in which an arrest without a warrant may be made by a police officer or private individual, of a person suspected of having committed a crime, the person making the arrest may act either upon facts within his own knowledge, or on those communicated to him by a responsible person. * * *
“ ‘Probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty. * * * It is not necessary for the officer to see and know that the law is being violated. Nor is it necessary for him to satisfy himself beyond question that a felony has in fact been committed, to justify an arrest without a warrant, though he may not act on unsubstantial appearances or unreasonable stories.’ 4 Am.Jur., Arrest, Sec. 48, pp. 32-34.
“ ‘The existence of “probable cause”, justifying an arrest without a warrant, is *201 determined by factual and practical consideration of everyday life on which reasonable and prudent men, not legal technicians, act. Probable cause justifying an arrest without warrant exists where the facts and circumstances within the arresting officer’s knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.’ 4 Am.Jur., Arrest, Sec. 48, p. 7, 1962-63 Supp., citing Draper v. United States, infra.
“In Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, it is said:
“ ‘ “In dealing with probable cause, * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.” Brinegar v. United States [338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879] supra 338 U.S. at page 175, 69 S.Ct. at page 1310. Probable cause exists where “the facts and circumstances within their [the arresting officers’] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that” an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288 [69 L.Ed. 543, 555, 39 A.L.R. 790].’”
We find that sufficient probable cause existed in the instant case to justify the arrest there made.
It is axiomatic that a reasonable search and seizure can be conducted as an incident to a lawful arrest. See Section 901.21(1), Fla.Stat., 1965, F.S.A.
There was no error in admitting into evidence the State’s exhibits obtained as a result of the search conducted after the arrest. It follows, therefore, that the lower court should be, and is, therefore, affirmed.
Affirmed.
HOBSON and PIERCE, JJ., concur.