PER CURIAM.
The appellant seeks review of a jury verdict, judgment of conviction, and sentence thereon following an information charging him with robbery. He urges that the trial court erred in: (1) failing to grant a continuance made on the morning of the trial, (2) alleged improper comment by the prosecution in opening statement relative to a similar crime pattern, (3) failure to suppress certain evidence obtained at the time of the arrest, (4) failure of the trial court to strike certain unsolicited testimony given by a witness, (5) failure to grant a mistrial because of alleged inflammatory statements in closing argument, (6) that the trial court erred in its charge to the jury, (7) that the trial court erred in sentencing the defendant when it was alleged he was incompetent, and (8) that the trial court erred in failing to grant a motion for acquittal.
Following a review of this record which indicates that, after the State had completed its case, the defense moved for a directed verdict and after it was denied elected not to put on any evidence and submitted the cause to the jury. Following instructions, the jury retired and then returned to the courtroom to have certain evidence reviewed for them. We find no error in the trial proceedings and that the defendant was accorded a fair if not a perfect trial. Simpson v. State, Fla.App.1968, 211 So.2d 862; Zide v. State, Fla.App.1968, 212 So.2d 788; Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593.
The points raised by the appellant are inadequate for several reasons: either they were not preserved in the trial court by a proper objection or request to the trial judge, or the alleged errors in fact do not constitute an error or, at best, they would be merely harmless error under the following authorities: Albright v. State, Fla.App.1966, 191 So.2d 65; Williams v. State, Fla.1959, 110 So.2d 654; Wells v. State, Fla.App. 1967, 203 So.2d 199; Green v. State, Fla.App.1966, 191 So.2d 607; Bega v. State, Fla.App.1958, 100 So.2d 455; Kearson v. State, 123 Fla. 324, 166 So. 832; Kersey v. State, 73 Fla. 832, 74 So. 983; Ward v. State, 75 Fla. 756, 79 So. 699; Morris v. State, 100 Fla. 850, 130 So. 582; § 924.33, Fla.Stat., F.S.A.; Brown v. State, Fla.1968, 206 So.2d 377; § 918.-10(3), Fla.Stat., F.S.A.; Rule 6.16(a), Florida Appellate Rules, 32 F.S.A.; Rule 1.740 (a), Florida Rules of Criminal Procedure, 33 F.S.A.; Weinshenker v. State, Fla.App.1969, 223 So.2d 561 (opinion filed February 25, 1969).
Affirmed.