274 So.2d 13 (1973)
BAL HARBOUR SHOPS, INC., a Florida Corporation, Appellant,
v.
GREENLEAF & CROSBY CO., INC., a Florida Corporation, Appellee.
No. 72-574.
District Court of Appeal of Florida, Third District.
March 6, 1973.
*14 Copeland, Therrel, Baisden & Peterson and Howard A. Setlin, Miami Beach, for appellant.
Nicholson, Howard, Brawner & Lovett and Robert A. Freyer, Miami, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of an adverse final judgment in a non-jury trial construing a certain provision of a lease in which appellant was lessor.
Appellant shopping center sought out the appellee, a high quality jewelry store located on Lincoln Road Mall in Miami Beach, as a tenant. Before signing the proposed lease, appellee objected to Section 3.2, which provided that appellee keep open during all business hours as designated by landlord, and had the lessor-appellant amend it as follows:
"SECTION 3.2 Continuity of Conducting Business.
"Tenant shall continuously and uninterruptedly, during the term and any extended term of this Lease, during all customary business hours as designated by Landlord, occupy and use the entire premises for the purposes specified herein to the end that Landlord may receive the maximum amount of percentage rent from the demised premises. It is definitely understood that this provision is intended to and does require the Tenant to keep open and do business in the demised premises year round and that this provision is an integral part of this Lease and one without which this Lease would not be made." [Emphasis Supplied]
The rent was computed with a minimum guarantee plus a percentage of the gross sales. At the time of the execution of the lease the hours of the center were from 10:00 am to 5:30 pm, Monday through Saturday.
After four years, the hours of the center were changed to include night hours due to the presence of Neiman-Marcus, a new department store in the center. Appellee experimented with night hours for one month, found it economically unsound, and resumed the previous daytime hours. Appellant brought suit to terminate the lease for violation of Section 3.2 in that appellee refused to maintain night hours. Appellee counterclaimed for a clarification of his rights under the lease.
At the trial, appellant presented the testimony of an Atlanta shopping center vice president who testified to the trends of shopping centers to keep open at night during *15 recent years. Appellee presented testimony to the effect that, like other high quality jewelry stores, its custom was not to keep night hours. The trial judge found that the intent of the language encompassed the hours customarily observed by the appellee, that such did not include night hours, and that the appellee was not in violation of the lease.
Appellant contends that construing the phrase "all customary business hours" in Section 3.2 to mean those hours presently observed by appellee is erroneous.
It is a cardinal rule in the construction of contracts that the intention of the parties thereto is to govern. See 7 Fla.Jur. Contracts § 75 (1956). In construing contracts, the court's concern is to determine the intention of the parties from the language used, objects to be accomplished, other provisions in the agreement which might shed light upon the question, and circumstances under which it was entered into. Clark v. Clark, Fla. 1955, 79 So.2d 426; Hall v. Hall, Fla.App. 1961, 135 So.2d 432.
The operation of appellee's high quality jewelry store can be differentiated from that of an ordinary merchandising operation in that (1) the public appears to be reluctant to engage in the purchase of expensive jewelry in the evening hours; (2) the security required for the jewelry store to remain open in the evening hours made the operation economically prohibitive; (3) insurance coverage is difficult if not impossible to obtain for evening operation; and (4) it is customary for fine jewelry stores to maintain only daytime business hours.
Further, in the case sub judice, appellant testified that the Neiman-Marcus operation at the center includes one of the finest jewelry departments in the world and admitted that in the evening hours this department was open on a very limited basis as all of the precious jewels were locked in the safe. In addition, it was acknowledged by appellant that several other shops in the center do not keep evening hours.
In view of the above, we hold that the trial court was correct in holding that it was the intent of the parties that under the lease the term "all customary business hours" includes only those daytime hours presently observed by appellee and, therefore, appellee is not in violation of the lease.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.