352 So.2d 1213 (1977)
Arnold Jefferson McEVER, III, Appellant,
v.
STATE of Florida, Appellee.
Betty Lou HABER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 75-1437 and 75-1438.
District Court of Appeal of Florida, Second District.
November 23, 1977.
Rehearings Denied January 6, 1978.
Bennie Lazzara, Jr. of Gonzalez & Lazzara, P.A., Tampa, for appellant McEver.
Mark R. Hawes and Barry A. Cohen, Tampa, for appellant Haber.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
*1214 GRIMES, Judge.
These are appeals from convictions of first degree murder. The cases were tried together. Upon the jury's recommendation of mercy, both appellants were sentenced to life imprisonment.
James Joseph Brandt was the admitted killer of Albert Haber. Brandt pled guilty to first degree murder, and pursuant to a plea bargain he received a life sentence. Brandt testified that Betty Lou Haber engaged him and her son by a previous marriage, Arnold Jefferson McEver, to kill her husband in the Haber home on the night of January 24, 1975. The plan was to make it appear as though the murder had occurred during the commission of a burglary. Brandt said that before Mrs. Haber went out for the evening, she left open a sliding glass door to facilitate the entry into the Haber residence that night. Brandt explained that he and McEver went to the residence as planned and put some fake pry marks on the door to make it look like a forceful entry had occurred. The house was placed in disarray in order to make it appear that it had been burglarized. Then Brandt and McEver lay in wait for Mr. Haber to enter the house.
When Haber came home, Brandt struck him with a rifle butt. Then Brandt and McEver beat him several times in the head. The men took some guns and other items from the house with them when they left. Brandt later decided that Mr. Haber might not be dead so he returned alone and shot him in the mouth with a revolver. An autopsy later revealed that the beating rather than the gunshot wound caused Mr. Haber's death. While Brandt was the only witness who directly implicated the appellants in the killing, there was other substantial evidence which corroborated the fact that McEver participated in the murder and that Mrs. Haber was active in the planning of how it was to be accomplished.
The appellants argue ten points on appeal. The only one which merits discussion relates to the giving of jury instructions on felony-murder over the appellants' objections. The appellants did not object to the instructions on premeditation, but they contended there was no evidence that the murder had been committed in the course of the commission of any of the felonies specified by the statute. Section 782.04, Florida Statutes (1973). From an examination of the instructions, it is evident that the court believed that there was sufficient evidence from which the jury could conclude that the murder might have been committed in the course of a burglary because the court charged the jury on breaking and entering with intent to commit a felony.[1] The court defined a felony as being any crime punishable by death or imprisonment in the state penitentiary. However, there was no designation of the felony which the appellants may have intended to commit as a result of the breaking and entering nor were the elements of any such felony defined.
As the basis for their argument that reversible error was committed, the appellants rely upon Robles v. State, 188 So.2d 789, 793 (Fla. 1966). In that case defendant had broken into an apartment of a women with whom he had been keeping company after she had sought to terminate the relationship. Upon gaining admission, a scuffle ensued and one of the women's daughters was killed by a knife wielded by the defendant. On the appeal from a conviction of first degree murder the Supreme Court discussed the propriety of the felony-murder instruction which had been given by the court below. The court first held that there was sufficient evidence in the record from which it could be concluded that the defendant was guilty of burglary on the theory that he broke into the apartment with the intent to commit the felony of aggravated assault upon his estranged female companion. However, the court found it necessary to reverse because of the failure properly to instruct upon the elements of burglary. Thus, the court stated:

*1215 "... We are not prepared to say that the elements of the supporting felony under the felony-murder rule must be explained to the jury with the same particularity that would be required if burglary were the primary crime charged. Nevertheless, we do hold that they must be defined sufficiently to assure the accused a fair trial of the commission of the secondary crime as well as the primary one."
See also Wright v. State, 250 So.2d 333 (Fla. 2d DCA 1971), in which this court reversed a conviction on the same theory in spite of overwhelming evidence of premeditation. This decision was later quashed on other grounds by the Supreme Court in State v. Wright, 265 So.2d 361 (Fla. 1972), but the principles set forth in our opinion were reaffirmed.
At the outset, we have considerable doubt whether the appellants could have been convicted of burglary since the only evidence on the subject indicates that the entry into the Haber home was with the consent of Mrs. Haber.[2] Though nonconsent is not a separate element of the crime of breaking and entering with a felonious intent, it must be proven as part of the element of breaking. State v. Jackson, 281 So.2d 353 (Fla. 1973).
In any event, even if we were to assume that one could commit burglary by entering the marital domicile with the permission of one spouse for the purpose of committing a felony against the other, there is a serious problem in this case involving the sufficiency of the instructions. While the court meticulously explained what constituted a breaking and gave a good definition of a dwelling house, the instructions contain no indication of the nature of the felony which the appellants may have intended to commit upon their entry into the house.[3] Thus, how can it be said that the jury was informed of all of the essential elements of burglary when one of those elements is the entry with intent to commit a felony and no felony has been specified or explained?
In Robles, the conviction was reversed for the improper instruction on felony-murder in spite of the failure of defense counsel to object to the charge. Therefore, the error in the form of the felony-murder instruction given in this case cannot be said to have been waived because the appellants' objection was simply directed to the giving of the instruction rather than to the form in which the instruction was given.
Ordinarily, where, as here, there is ample evidence of premeditation and also evidence of felony-murder, the giving of an erroneous felony-murder instruction requires reversal because it cannot reasonably be said upon which theory the jury returned its verdict. Cf. Wright v. State, supra. Even though there may be substantial evidence of premeditation, there is always the possibility that the jury's verdict was premised upon the theory of felony-murder, about which the jury was misinstructed. In this case, however, because of its peculiar posture we are able to say that the giving of the faulty felony-murder instruction constituted harmless error because it can be affirmatively demonstrated that the jury's verdict must have been predicated upon premeditation  not upon felony-murder.
In Florida, there are three degrees of felony-murder. Third degree felony-murder is irrelevant to our discussion because it relates to a killing during the perpetration of a felony other than a burglary or other certain serious felonies not involved here. Both first and second degree felony-murder relate to an unlawful killing which occurs during the perpetration of specified serious crimes, which include burglary and robbery. *1216 Under the statutory language which was effective when this crime was committed, the only difference between the two was whether the person charged was "engaged in the perpetration" of the felony at the time the killing occurred. Thus, if the person was present during the commission of the underlying felony, he was guilty of first degree felony-murder; whereas an accessory before the fact who was not present during the commission of the felony was guilty only of second degree felony-murder. State v. Dixon, 283 So.2d 1 (Fla. 1973).
In this case, there was no basis upon which Mrs. Haber could be convicted of first degree felony-murder because there is no evidence that she was present when the underlying felony was committed. To the contrary, it affirmatively appears that she was not. Since the jury was charged upon both first and second degree felony-murder and was instructed regarding the difference between the two, if the jury had intended to convict Mrs. Haber of felony-murder we must assume that it would have followed the court's instructions and found her guilty of second degree felony-murder. But they found her guilty of first degree murder. Therefore, the jury could only have based its conviction of Mrs. Haber upon evidence of premeditation which, in turn, could only have been established if the jury believed that the conspiracy between her and Brandt and McEver was carried out, and there was more than enough evidence to support this conclusion. Mrs. Haber's conviction must stand. It thus follows that McEver had to have been also found guilty by reason of premeditation  i.e., by the consummation of the conspiracy  else Mrs. Haber's conviction would fall.
Stated otherwise, it would have been irrational for the jury to have concluded that McEver was guilty only of felony-murder (in which premeditation is irrelevant, the wilful perpetration of the specified felony being a substitute therefor) when the determination was made that Mrs. Haber was guilty of premeditated murder. We conclude, therefore, that the erroneous or incomplete instruction on felony-murder was rendered harmless by the inescapable conclusion that the jury had to have convicted both appellants upon the theory of premeditation.[4]
Accordingly, the judgments and sentences are hereby affirmed.
HOBSON, Acting C.J., and SCHEB, J., concur.
NOTES
[1] On the same theory, the court could have given an instruction on breaking and entering with intent to commit a misdemeanor, which was also a felony at that time, so at least to that extent the appellants were favored.
[2] Since the appellants removed Mr. Haber's wallet from his person through means of force and violence, perhaps robbery would have been a more appropriate crime upon which to predicate a felony-murder instruction.
[3] The confusion is understandable since we are really talking about a felony twice removed from the murder. The felony-murder instruction was based upon the felony of breaking and entering with intent to commit a felony. This necessitated a further definition of the felony sought to be committed as a result of the breaking and entering.
[4] We note in passing that very little mention of the felony-murder theory was made by either counsel during the course of their lengthy closing arguments.