362 So.2d 38 (1978)
J & S COIN OPERATED MACHINES, INC., Appellant,
v.
David GOTTLIEB, Mark Gottlieb, Joseph Comras, Citizens of the State of New York, and U.S. Shelter Corporation, et al., Appellees.
No. 77-1808.
District Court of Appeal of Florida, Third District.
July 18, 1978.
Rehearing Denied September 27, 1978.
*39 Dubbin, Schiff, Berkman & Dubbin and Evan J. Langbein, Miami, for appellant.
Malcolm B. Wiseheart, Jr., Miami, for appellees.
Before HENDRY, NATHAN and KEHOE, JJ.
NATHAN, Judge.
This is an appeal by the plaintiff from an adverse order on defendants' motion for judgment on the pleadings in an action for injunction and declaratory judgment as to the parties rights under a franchise agreement for coin operated laundry equipment, and a subsequent modification of the agreement. Plaintiff raises two points on appeal.
The first point is that judgment on the pleadings was improper as defendants' motion for judgment on the pleadings was filed prior to the filing of defendants' answer(s), and the pleadings were not closed. There is no waiver reflected in the record. Therefore, the cause was not at issue, the motion was prematurely filed and the court erred in entertaining it at this stage of the proceedings. Storer v. Florida Sportservice, Inc., 115 So.2d 433 (Fla.3d DCA 1959); Shealor v. Ruud, 221 So.2d 765, 768 (Fla.4th DCA 1969); White v. Dyer, 261 So.2d 863 (Fla.2d DCA 1972); Fla.R.Civ.P. 1.140(c).
The second point is that the court summarily construed the letter modifying the agreement without considering the legal effect of both instruments together and without considering evidence as to the intent of the parties. We agree. As a general rule, it is the duty of the court to determine the intention of the parties from the language used, apparent objects to be accomplished, other provisions in the agreement which might shed light on the question, and the surrounding circumstances at the time the agreement was entered into. Bal Harbour Shops, Inc. v. Greenleaf & Crosby Co., Inc., 274 So.2d 13, 15 (Fla.3d *40 DCA 1973); Bornstein v. Somerson, 341 So.2d 1043, 1047 (Fla.2d DCA 1977).
Reversed and remanded.