446 So.2d 723 (1984)
K.P.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 83-483.
District Court of Appeal of Florida, Second District.
March 14, 1984.
Jerry Hill, Public Defender, Bartow and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
*724 Jim Smith, Atty. Gen., Tallahassee and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
K.P.M. Appeals from the trial court's adjudication of delinquency. We affirm.
In December 1982, K.P.M. was charged with burglary of a dwelling. After pleading not guilty, K.P.M. sought dismissal of the charge. The facts offered during argument of the motion to dismiss reveal that Tim Koda, the son of the owners and an occupant of the home which was alleged to have been burglarized, suggested to and allowed K.P.M. and two other boys to go into the residence. Koda allegedly told K.P.M. and the others which door to enter; that the door would be secured in a manner which "wouldn't be a problem"; and where the items to be stolen could be found. Tim Koda was not present in the home when entry was obtained.
Upon denial of the motion to dismiss, K.P.M. changed his plea to nolo contendere, reserving the right to appeal the order denying the motion to dismiss.
K.P.M. was adjudicated delinquent and committed to the Department of Health and Rehabilitative Services. He timely invoked the appellate jurisdiction of this court.
K.P.M. argues that he had the permission of Tim Koda to enter the home and thus had the affirmative defense of consent to the charge of burglary. The conclusion is drawn that the trial court erred in believing that a person could not be invited into a home to steal. K.P.M. further argues that Koda cannot be guilty of burglarizing his own home; therefore, K.P.M. cannot be guilty of burglarizing the home.
The state asserts that K.P.M. did not have a good faith belief that he had valid consent to enter the residence. Furthermore, the consent was unauthorized. The state concludes that the entry, based on unauthorized consent, amounts to no more than an unauthorized entry; thus, the motion to dismiss was properly denied.
The specific issue presented does not appear to have been decided in Florida. However, there exist cases which are helpful in treating the issue.
In Damico v. State, 153 Fla. 850, 16 So.2d 43 (1943), an officer and the principal stockholder of a corporation plotted with Damico to remove jewelry from the corporation's safe. Proceeds from an anticipated reward were to be split by the two. The stockholder left the safe unlocked and enabled Damico to commit the crime. Damico was ultimately convicted of breaking and entering with intent to commit a felony. The Florida Supreme Court affirmed the conviction finding that the corporate officer had no legal or moral right to consent to the crime.
Similarly, Tim Koda had no legal or moral right to consent to K.P.M.'s entry into his family's home for the purpose of stealing property which did not belong to Tim. The consent of Tim Koda was unauthorized and inoperative.
Taking into account the unauthorized nature of the consent, we must look at the situation from the perspective of K.P.M. He agreed to enter the home and take the property. He entered the house with a felonious intent. As K.P.M.'s counsel indicated to the court: "There's no question they're guilty of grand theft."
K.P.M. asserts that the consent of Tim Koda prevents the state from charging K.P.M. with burglary. We disagree. K.P.M. cannot rely on Koda's consent as a shield; K.P.M. could not reasonably, and in good faith, believe that Tim had the authority to permit K.P.M. to enter the residence for the purpose of stealing the valuables of others. See State v. Tolley, 30 N.C. App. 213, 226 S.E.2d 672, cert. denied, 291 N.C. 178, 229 S.E.2d 691 (1976). See also State v. Ortiz, 92 N.M. 166, 584 P.2d 1306 (Ct. App. 1978).
As Koda's consent was unauthorized and K.P.M. could not reasonably rely on that consent to justify his entry into the home to steal the property, there is no merit to the contention that the trial court erred by not dismissing the *725 charge. While K.P.M. is correct in asserting that consent is an affirmative defense to a charge of burglary, State v. Hicks, 421 So.2d 510 (Fla. 1982), under the facts of this case, the unauthorized consent will not operate to support dismissal of the burglary charge.
We also note that K.P.M.'s reliance on McEver v. State, 352 So.2d 1213 (Fla. 2d DCA 1977), cert. denied, 364 So.2d 888 (Fla. 1978), is misplaced. Dicta in McEver will not control the disposition of the case sub judice. Factual differences between McEver and this case also undermine K.P.M.'s reliance thereon.
As K.P.M. pleaded nolo contendere reserving the right to appeal the trial court's denial of his motion to dismiss, and we affirm the denial of the motion to dismiss, we consequently affirm the trial court's adjudication of delinquency.
AFFIRMED.
HOBSON, A.C.J., and CAMPBELL, J., concur.