RYDER, Judge.
Bobby Louis Spriggs seeks review of his conviction and sentence for first degree murder and robbery with a deadly weapon. We affirm.
An Anders[1] brief was filed on behalf of Spriggs by the public defender’s office. A supplemental brief was not filed by Spriggs. The Anders brief raises two issues, neither of which supports reversal.
The first issue considers whether the trial court erred by admitting as evidence a photograph of the deceased victim. Spriggs had objected that the photograph was “gory” and irrelevant. We find that the trial court did not abuse its discretion by overruling Spriggs’ objection and allowing the photograph into evidence. Foster v. State, 369 So.2d 928 (Fla.), cert. denied, 444 U.S. 885, 100 S.Ct. 178, 62 L.Ed.2d 116 (1979); Edwards v. State, 414 So.2d 1174 (Fla. 5th DCA 1982).
The second issue asserts that it may have been error for the trial court to deny Spriggs’ motion for judgment of acquittal, and to sentence Spriggs for first degree murder and robbery. Again, there was no error; the record supports the denial of the motion as well as the convictions and sentences. Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, — U.S. -, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982). See also Ad *1042 ams v. State, 412 So.2d 850 (Fla.), cert. denied, — U.S. -, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982); McEver v. State, 352 So.2d 1213 (Fla. 2d DCA 1977), cert. denied, 364 So.2d 885, 888 (Fla.1978).
AFFIRMED.
HOBSON, A.C.J., and LEHAN, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).