468 So.2d 986 (1985)
William H. ROBBINSON, Trustee, V. Randolph Delk, Trustee, and Westside, Inc., Petitioners,
v.
CENTRAL PROPERTIES, INC., a Florida Corporation, Respondent.
No. 65537.
Supreme Court of Florida.
May 2, 1985.
E. Allan Ramey, DeFuniak Springs, for petitioners.
James D. Easley of Moore & Moore, Niceville, for respondent.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, First District, in Central Properties, Inc. v. Robbinson, 450 So.2d 277 (Fla. 1st DCA 1984), which expressly and directly conflicts with Cruising World, Inc. v. Westermeyer, 351 So.2d 371 (Fla. 2d DCA 1977), cert. denied, 361 So.2d 836 (Fla. 1978).
The issue presented is whether Central Properties' "right of first refusal" to purchase Westside Utilities' water and sewer system included the right to purchase Westside Utilities' capital stock. The district court held, among other things, that any proposed sale or transfer of Westside Utilities' capital stock should be construed as subject to the right of first refusal applicable to the sale of the system itself. We quash that portion of the decision of the district court and hold that Central Properties' right of first refusal does not extend to Westside Utilities' capital stock.
In August 1977, Central Properties, Inc., and petitioners William H. Robbinson, as trustee, V. Randolph Delk, as trustee, and Westside, Inc., a real estate development company, entered into an option contract whereby Central Properties could purchase sixty acres of land from Westside. This contract provided that Central Properties would have a "right of first refusal ... to *987 purchase the water and sewer system on the remaining property of Optionor [Westside] under the terms and conditions being sold to any other party." Central Properties exercised its option and purchased the sixty acres with both parties agreeing that the right of first refusal provision would survive the closing. Westside's owners subsequently created another corporation, Westside Utilities, Inc., to operate the water and sewer system and transferred its ownership to this new corporation. The shareholders of both Westside and Westside Utilities were the same with the exception of one owner. The original right of first refusal between Westside and Central Properties also survived this transfer of the system and was binding on Westside Utilities.
One of the principal developments on Westside's remaining property was a condominium known as Sand Cliffs, and it was the principal user of the water and sewer system. In 1981, the stockholders of Westside Utilities and the Sand Cliffs' Owners Association discussed the transfer of this system to the association through the acquisition of Westside Utilities' capital stock. Although the details of the stock purchase were not yet agreed upon, Westside Utilities sent a letter to Central Properties offering it the right to purchase the system under the same terms and conditions set forth in the association's preliminary offer to purchase its stock. Central Properties sent a letter electing to exercise its right of first refusal. Westside Utilities then informed Central Properties in a final letter that the negotiations with the association had ceased, that the association had withdrawn its offer, and that Westside Utilities was accordingly withdrawing the offer of first refusal.
Central Properties brought suit seeking specific performance of the contract allegedly created by its acceptance of Westside Utilities' offer in its first letter. The trial court denied specific performance, finding that no contract was formed by Central Properties' acceptance of the offer because the agreement's essential elements had remained open for further negotiation, and thus there was no meeting of the minds concerning the proposal. The trial court ruled, however, that Westside Utilities' capital stock was not subject to the right of first refusal and could be purchased by the association without first offering it to Central Properties.
On appeal, the district court affirmed the trial court's finding that no contract was formed, but reversed the lower court's holding that the capital stock was not subject to the right of first refusal held by Central Properties. The district court stated that when the right of first refusal was given, the water and sewer system was owned by Westside, and therefore any sale or transfer of that system at that time could only be accomplished by a sale of the physical properties. The court found that because the system was transferred to a corporation created for the sole purpose of owning and operating the system, any attempt by this new corporation or its owners to sell that system by either a sale of its components or a transfer of all its capital stock should be construed as subject to the right of first refusal. Otherwise, the court reasoned, the purpose and intent of the right of first refusal originally given to Central Properties could be circumvented quite easily.
Petitioners contend that Westside Utilities' capital stock is not subject to the right of first refusal because Central Properties bargained for the right to purchase the water and sewer plant only and not for the right to purchase Westside Utilities' stock. As support, petitioners cite Cruising World, Inc. v. Westermeyer. In that case, the lessee held a right of first refusal to purchase leased property which was the major asset of the corporate lessor, Master Marine, Inc. When the shareholders of Master Marine entered into an option contract granting a third party the right to purchase all the stock of Master Marine, the lessee sought to exercise its purchase option with regard to the sale of stock. The Second District Court of Appeal held that the shares were the personal property of the stockholders and were freely transferable *988 in absence of any agreement to the contrary. Examining the right of first refusal held by the lessee, the Second District concluded that the lessee could not purchase the lessor's stock under its right of first refusal to the leased property because that right went directly to the land itself and did not extend to the sale of corporate lessor's stock. Applying Cruising World to the present case, petitioners contend that in the absence of any express intention to extend the first purchase right to stock transfers, the right of first refusal should be limited to the sale of the system. We agree.
In construing contracts, the intention of the parties governs, and such intention will be determined from the language used when it is unambiguous. Bal Harbour Shops, Inc. v. Greenleaf & Crosby Co., Inc., 274 So.2d 13 (Fla. 3d DCA 1973). In the present case, the contract provision only refers to the purchase of the water and sewer system. It does not refer in any way to the purchase of corporate stock, and, absent any contrary intent in the contract, the unambiguous language of the contract controls. Therefore, under its contract, Central Properties' right of first refusal does not extend to the sale of Westside Utilities' capital stock.
Respondent contends that even assuming that the contract refers only to Westside Utilities' corporate asset, the district court properly refused to allow petitioners to use intercorporate transfers to frustrate and circumvent Central Properties' preexisting right of first refusal. It also asserts that corporate fictions must be disregarded by courts when used for fraudulent purposes. We find no merit in this argument because the parties were free at the time of entering into the contract to extend the right of first purchase to stock sales and transfers which they did not do. The proper exercise of rights which have not been contracted away do not, in the present case, constitute a fraud or an illegal purpose.
Accordingly, we quash that portion of the decision of the district court that holds that the capital stock was subject to the right of first refusal and remand the case for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents.