NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STICKY HOLSTERS, INC., a Florida )
For Profit Corporation; and MICHAEL )
J. CHRISTOFF, an individual, )
                                   )
            Appellants, )
                                   )
v. )         Case No. 2D18-2762
                                   )
ALBERT J. WAGNER, )
                                   )
            Appellee. )
_____ )

Opinion filed May 29, 2019.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Collier County;
James R. Shenko, Judge.

Christopher D. Donovan and Sara F. Hall of
Roetzel & Andress, LPA, Naples, for
Appellants.

Joseph A. Davidow and Yasser Lakhlifi of
Willis & Davidow, LLC, Naples, for
Appellee.


KHOUZAM, Judge.

          Michael J. Christoff, Albert J. Wagner, and nonparty Chris Rowles formed

Sticky Holsters, Inc., in 2010 to design and manufacture specialized firearm holsters.

Wagner (plaintiff below) claims that he is still a shareholder in Sticky Holsters, while

Christoff and Sticky Holsters (defendants below) maintain that Wagner was bought out after voluntarily asking to surrender his shares. The circuit court entered a nonfinal order granting partial summary judgment in favor of Wagner, setting aside the purported share transfers and directing the corporate registry to be corrected to reflect that Wagner remains a shareholder. Sticky Holsters and Christoff appeal. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(ii) (providing that district courts have jurisdiction over nonfinal orders that determine "the right to immediate possession of property, including but not limited to orders that grant, modify, dissolve or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment"); Cruising World, Inc. v. Westermeyer, 351 So. 2d 371, 373 (Fla. 2d DCA 1977) ("Shares of stock are personal property."). But because genuine issues of material fact remain, the court erred in granting summary judgment, and we must reverse and remand for further proceedings.

The court granted summary judgment on counts I and VII of Wagner's third amended complaint. In count I, Wagner sought declaratory judgment regarding the status of Wagner's ownership interest in Sticky Holsters. In count VII, Wagner asserted a cause of action for ultra vires pursuant to section 607.0304, Florida Statutes (2014), against Sticky Holsters to declare void and set aside the transactions transferring both nonparty Rowles' shares and Wagner's shares to Christoff. The court granted Wagner relief on both counts based on findings that the parties had failed to comply with Sticky Holsters' bylaws. Specifically, as to count I, the court determined that the alleged share transfer from Wagner to Sticky Holsters did not occur as a matter of law because the bylaws' requirements for effectuating transfer were not observed.

- 2 -

And as to count VII, the court determined that the alleged transfers of Wagner's shares back to Sticky Holsters; the subsequent transfer of those shares to Christoff; and the transfer of Rowles' shares from Sticky Holsters to Christoff were ultra vires acts because they were not undertaken in conformance with the bylaws.

Underpinning both of these conclusions was the court's holding that there was no genuine issue of material fact that Sticky Holsters had bylaws and those bylaws were attached to Wagner's complaint. However, the record shows that there remained a genuine issue of material fact as to whether the bylaws attached to the complaint were authentic and binding.

In the third amended complaint, Wagner alleged that "[t]he allocation of Rowles' shares to Christoff was in conflict with both Florida Statutes as well as the Sticky Holsters' corporate Bylaws ("the Bylaws"). A true and accurate copy of the Bylaws is attached hereto as **Exhibit B**." In his Answer, Christoff denied this allegation. In his affidavit, Christoff further stated that

> [b]ecause of WAGNER's exclusive possession of, and refusal to provide, corporate records, I have repeatedly questioned the authenticity and veracity of the corporate records and governance instruments produced and in dispute. In particular, there is no record evidence in my possession that the corporate by-laws for STICKY were ever formally adopted by the shareholders of STICKY.

In his deposition, Christoff testified as follows:

> Q: Between the time of the incorporation and the initiation of this litigation, under what bylaws were you operating Sticky Holsters?
>
> A: Under the original bylaws that were--have not been given back to me.

Q: Okay. So you have familiarity with the original bylaws; is that correct?

A: Yes.

Q: So with that familiarity can you tell me whether composite Exhibit 2 is a fair and accurate depiction of the original bylaws pursuant to your recollection?

A: No, I can't.

Christoff's testimony conflicted with Wagner's assertion in his affidavit that "[t]he By-Laws of Sticky Holsters, Inc., attached herein as **Exhibit A**, are the sole and binding bylaws of Sticky Holsters."

However, Wagner admitted in his deposition that he no longer had possession of the original books for Sticky Holsters:

Q: Mr. Wagner, do you currently have in your possession any of the original books for Sticky Holsters?

A: No.

Q: Did you at one time?

A: Yes.

Wagner stated that sometime in 2012 he had given them to Debbie Broxson to return them to Christoff. Wagner also admitted that he did not know if there were other versions of the bylaws:

Q: Okay, let me ask you a different question. Defendant's Exhibit 2, does that appear to be the bylaws that were in effect for Sticky Holsters when it was formed?

A: Yes.

Q: Do you know if there was ever another set of bylaws prepared?

A: I have no knowledge.

Q: Okay, do you recall seeing any draft copies of an alternative version of the bylaws?

A: I have no knowledge.

Q: Okay, so you don't know?

A: I--I don't know.

Considering this conflicting evidence presented on the question of whether the bylaws attached to Wagner's complaint were authentic and binding, we conclude that the circuit court erred in granting summary judgment.

On summary judgment, "the burden to prove the non-existence of genuine triable issues is on the moving party, and the burden of proving the existence of such issues is not shifted to the opposing party until the movant has successfully met his burden." Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So. 2d 1138, 1140 (Fla. 2d DCA 2000) (quoting Holl v. Talcott, 191 So. 2d 40, 43-44 (Fla. 1966)). "Thus, if the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied." Id. Here, Wagner failed to meet his burden to show that the bylaws attached to his complaint were authentic and binding. Even in his own testimony, he admitted that he no longer had possession of Sticky Holsters' corporate books and that he did not know whether there were other versions of the bylaws. Moreover, Christoff and Sticky Holsters presented evidence that the bylaws attached to Wagner's complaint may not have been authentic and binding. Indeed, Christoff testified that he did not know whether the bylaws attached to the complaint were the original bylaws and questioned

whether Sticky Holsters ever formally adopted bylaws in the first instance.  Because a genuine issue of material fact remained as to whether the bylaws attached to Wagner's complaint were authentic and binding, we reverse and remand for further proceedings.

Reversed and remanded.

VILLANTI and BADALAMENTI, JJ., Concur.