396 So.2d 707 (1981)
Betty Lou HABER, Appellant,
v.
STATE of Florida, Appellee.
No. 58073.
Supreme Court of Florida.
February 26, 1981.
Rehearing Denied May 4, 1981.
Barry A. Cohen, Tampa, for appellant.
Jim Smith, Atty. Gen. and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
McDONALD, Justice.
Haber appeals a circuit court order denying her application for relief under rule 3.850, Florida Rules of Criminal Procedure. Her motion to vacate was based on her assertions that her judgment and sentence were void because section 782.04, Florida Statutes (1973), could not be constitutionally applied to her. Because the trial court initially and directly passed on the validity of that statute, we have jurisdiction.[1]
A jury convicted Haber, along with James Brandt and Arnold McEver, of the first-degree murder of Haber's husband, which occurred in January 1975. Haber arranged for Brandt and McEver to enter the Haber home through a sliding glass door she opened before leaving for the evening. Brandt and McEver entered the house and beat Mr. Haber to death. All three defendants received life sentences. The Second District Court of Appeal affirmed Haber's conviction,[2] stating there was ample evidence to find Haber to be a principal to premeditated first-degree murder.
Pursuant to the provisions of section 776.011, Florida Statutes (1973),[3] an accessory before the fact not present at the killing may be convicted of first-degree murder by *708 premeditation. An accessory not present at the commission of the murder in a felony murder situation, however, is guilty only of second-degree murder. Adams v. State, 341 So.2d 765 (Fla. 1976). Haber argues that this distinction violates the equal protection clause because it arbitrarily and capriciously distinguishes between different individuals who happen to be accessories before the fact.
To withstand an equal protection attack, a statute must treat all persons within a class the same, and the division into classes must bear some rational relationship to a legitimate state objective. Soverino v. State, 356 So.2d 269 (Fla. 1978); Davis v. Florida Power Co., 64 Fla. 246, 60 So. 759 (1913). The criminal intent of an accessory to premeditated murder is to kill a human being; the intent of an accessory to one of the felony murder felonies is to commit that felony. The legislature has decided that these two distinct criminal intents should be punished differently. These classifications are rational. All persons within these classifications are treated alike. Section 782.04, therefore, does not violate equal protection.
Affirmed.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const. (1972).
[2] McEver v. State, 352 So.2d 1213 (Fla.2d DCA 1977).
[3] Currently § 777.011, Fla. Stat.