JOANOS, Judge.
Appellant attacks the constitutionality of section 400.111(1), Florida Statutes (1980), which was the basis of a Department of Health and Rehabilitative Services final order imposing a late penalty of $6,499.00.
To be constitutionally permissible, a classification must apply uniformly to all persons within the class and bear a reasonable relationship to a legitimate state interest. Haber v. State, 396 So.2d 707 (Fla.1981). We have reviewed section 400.-111(1), Florida Statutes (1980), and find no constitutional infirmities. Singling out long-term care facilities, as a class, is rationally related to the state’s interest in insuring the safe and adequate care, treatment and health of persons in such facilities. All long-term care facilities within the class are subject to the penalty provision and the penalty provision is a reasonable means to make sure that these long-term care facilities comply with the standards of Chapter 400, Florida Statutes (1980). However, the penalty was incorrectly computed on sixty-seven rather than sixty-six days, resulting in an overcharge of $97.00.
Accordingly, section 400.111(1), Florida Statutes (1980), is held to be constitutional, but the final order is remanded for correction consistent with this opinion.
LARRY G. SMITH and SHAW, JJ., concur.