JOANOS, Judge.
Jane Williamson, et al. (appellants) appeal a Department of Health and Rehabilitative Services (HRS) final order finding that workshop earnings should be included in determining the amount of Optional State Supplementation (OSS) payments to mentally handicapped patients. We affirm.
Appellants are developmentally disabled individuals[1] in special living arrangements subsidized by social security and OSS payments. Each works in a “sheltered workshop,” [2] receiving a percentage of minimum wage. In January, 1982, HRS advised appellants that money earned in the workshops would be considered to reduce the amount of OSS benefits paid by the State. Although the legal authority of Section 409.212, Florida Statutes (1981),[3] allows the deduction, HRS previously had not considered workshop wages in determining OSS benefits.
Appellants argue three points:
I. Section 409.212, Florida Statutes (1981) is an invalid delegation of legislative authority allowing HRS to determine amounts of benefits without formulas or guidelines.
*312 II. Florida Administrative Code Rules IOC-2.35 and 2.36 are invalid exercises of delegated legislative authority.
III. HRS has violated equal protection guarantees by treating similarly situated sub-groups of developmentally disabled persons differently.
HRS has presented no argument in response.
While Section 409.212, Florida Statutes (1981) provides no specific guidelines for HRS to determine the amount of OSS benefits paid to recipients, Section 409.-185(3), Florida Statutes (1981), specifies that the amount of financial assistance shall be determined by HRS “taking into account all facts and circumstances surrounding said recipients, including income and resources.” HRS is required to charge clients for services, with the fee charged reasonably related to the cost of providing the service and the client’s ability to pay. Sections 393.071 and 402.33, Florida Statutes (1981). These are sufficient guidelines to make Section 409.212, Florida Statutes, constitutionally sound.
Florida Administrative Code Rules IOC-2.35 and 2.36 do not amount to invalid exercises of delegated authority as they go no further than properly implementing Sections 409.185 and 409.212, Florida Statutes (1981). Using “gross income” in determining the amount of supplementary benefits does not exceed the statutory mandate that HRS consider all facts and circumstances, including income and resources. Section 409.185, Florida Statutes (1981).
To be constitutionally permissible, a classification must apply equally and uniformly to all persons within a class and the division in the classes must bear some rational relationship to a legitimate state objective. Haber v. State, 396 So.2d 707 (Fla. 1981). Initially, we find that HRS’s treatment as a class of those developmentally disabled persons who receive OSS benefits, by considering their sheltered workshop earnings in calculating the OSS benefits to be paid, serves the legitimate state interest of providing health care services while encouraging those persons receiving benefits to support themselves whenever possible. Section 409.026(3), Florida Statutes (1981). Considering the stated legislative intent that HRS require the client to participate in the costs of services whenever practical,[4] it is not unreasonable to allow these developmentally disabled persons the self-esteem of being able to contribute to the costs of their care.
Having found a rational basis for the classification of those persons receiving OSS benefits to have their earnings considered in determining what they receive, we further find that there is no evidence that the classification has not been applied equally and uniformly to all persons within the class.
Accordingly, the final order is AFFIRMED.
MILLS and THOMPSON, JJ., concur.

. Section 413.501(5), Florida Statutes (1981), defines “developmental disability” as a disability attributable to mental retardation, cerebral palsy, or epilepsy, which disability can reasonably be expected to continue indefinitely and constitutes a substantial handicap to an individual.

. Section 413.501(2), Florida Statutes (1981) defines “rehabilitation workshop facility” as a place operated by a nonprofit voluntary agency engaged in the manufacture or production of products which provides gainful rehabilitation to severely handicapped persons until such persons can become employed and provides gainful work to developmentally disabled persons unable to be employed.

. Section 409.212 provides that “[t]here may be monthly optional supplementation payments, made in such amount as determined by the department, to any person who: (1) Meets all program eligibility criteria for an adult congregate living facility or for adult foster care, family placement, or other specialized living arrangement; and (2) Is receiving a Supplemental Security Income check or is determined to be eligible for optional supplementation by the department.”

. Section 402.33(1) states, “[i]t is the intent of the Legislature that whenever practical the Department of Health and Rehabilitative Services shall require: (a) The client; (b) Parents, if the client is a minor; or (c) Spouse of the client, and third party payors to participate in the cost of services or to pay fees for services provided by the department.”